IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN ASHLEY RODRIGUES                                    PETITIONER

V.                          Case No. 5:25-cv-05229-TLB

DEXTER PAYNE, Director,
Arkansas Division of Correction                          RESPONDENT

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

The matter before the Court is a § 2254 Petition for Writ of Habeas Corpus filed by John Ashley Rodrigues ("Petitioner") on November 7, 2025. (ECF No. 1). Petitioner seeks to challenge numerous convictions in Lafayette County Circuit Court arising from Petitioner's guilty pleas on March 18, 2024, and alleges (1) denial of a prompt first-appearance on a now-dismissed charge, (2) innocence, (3) ineffective assistance of counsel, and (4) an alleged illegal sentence. (ECF No. 1). Petitioner seeks his convictions vacated and "a fair trial with a competent attorney" due to "the many constitutional violations" in his state case. (ECF NO. 1, p. 29).

The State of Arkansas was served and responds that Petitioner's habeas claims must be dismissed as untimely, procedurally defaulted and waived by his guilty pleas. (ECF No. 10).

Chief U.S. District Court Judge Timothy L. Brooks referred this matter to the undersigned for Report and Recommendation pursuant to Rule 72.1(VIII)(B) of the Local Rules for the United States District Courts for the Eastern and Western Districts of Arkansas. Petitioner has not replied, the time to reply has expired and the Petition is now ripe for adjudication.

**I. Petition for Habeas Corpus**

A state prisoner who believes he is incarcerated in violation of the Constitution or laws of the

1

United States may file a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Such petitions are governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, federal courts may exercise only a "limited and deferential review of underlying state court decisions." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005).

### A. Timeliness

A one-year period of limitation applies to petitions brought under 28 U.S.C. § 2254. This period runs from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Petitioner complains about his state court appearance before Circuit Judge Brent Haltom on March 18, 2024, in the following Lafayette County Circuit Court cases – 37CR-21-78; 37CR-22-70; 37CR-22-71, 37CR-24-25, 37CR-24-26 and 37CR-24-27. (*See* ECF No. 10-1, 2, 3). With respect to that appearance, the record reflects the following:

\* With respect to Case No. 37CR-21-78, and in open court, Rodrigues pled guilty to two (2) counts of theft of property and one count of breaking and entering. (ECF No. 10-3, pp. 4-5). The recommended sentence on each of those charges was 10 years in the Arkansas Department of Corrections, followed by 5 years of suspended imposition of sentence. (ECF No. 10-3, p. 5). Judge Haltom sentenced

Rodrigues to 10 years in the Arkansas Department of Corrections followed by 5 years of suspended imposition of sentence in this case (No. 37CR-21-78), and held that the sentence would be concurrent with Rodrigues' sentences in Case No. 37CR-22-71, and Case Nos. 37CR-24-25, 24-26, and 24-27. (ECF Nos. 10-3, p. 13 and 10-4 (Sentencing Order)).

  *    Case No. 37CR-22-70 (a firearms charge) was nolle prossed.  (ECF No. 10-3, pp. 5, 15).

  *    With respect to Case No. 37CR-22-71, Rodrigues pled guilty to commercial burglary on April 23, 2022, and also pled guilty to a felony theft of property charge and a misdemeanor charge. One count of breaking and entering on July 18, 2022, was nolle prossed.  (ECF No. 10-3, pp. 5-8). Rodrigues was sentenced by Judge Haltom to 7 years imprisonment with 3 years suspended imposition of sentence on the burglary charge; 6 years imprisonment on the theft of property charge; and 1 year in the Lafayette County Jail on the misdemeanor.  (ECF Nos. 10-3, p. 13 and 10-5 (Sentencing Order)).

  *    Case Nos. 37CR-24-25, 24-26, and 24-27 were all failures to appear in which Rodrigues pled guilty.  Judge Haltom sentenced Rodrigues to 7 years imprisonment with 3 years suspended imposition sentence on each FTA, and imposed court costs and booking fees.  (ECF Nos. 10-3, pp. 13-14 and 10-6, 10-7, 10-8 (Sentencing Orders)).

Rodrigues' sentencing orders were filed on March 27, 2024, and became final on April 26, 2024.[1] *Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (holding that judgment deemed final thirty days from entry of judgment for Arkansas defendant who entered unconditional guilty plea and did not appeal)*; see also* Ark. R. App. P. Crim. 2(a)(1) (providing that notice of appeal must be filed within thirty days

---

[1] The undersigned notes that amended sentencing orders were filed in several of Petitioner's criminal cases; however, because the State has illustrated that these amendments simply corrected clerical errors, the original sentencing orders determine the date upon which Rodrigues' convictions became final. *United States v. Brown*, 915 F.3d 1200, 1202 (8th Cir. 2019).

from entry of a judgment or uniform sentencing order).  The one-year AEDPA statute of limitations started running on April 27, 2024.[2]

The AEDPA statute ran for 10 days until May 6, 2024, when Petitioner filed a timely Rule 37 Motion for Post-Conviction Relief challenging his sentences, complaining he had not been charged as a habitual offender, and therefore his sentences were illegal because they were too lengthy, and that he had not been guilty of the FTAs to which he pled guilty.  (ECF No. 10-9).  The AEDPA limitation period is tolled "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending ...." 28 U.S.C. § 2244(d)(2).

On May 14, 2024, Judge Haltom denied post-conviction relief,  noting that in Case No. 37CR-21-78, Rodrigues had been charged as a habitual offender and thus, his sentence was legal.  (ECF No. 10-10; see also 10-4, p. 4 "Amend to Add Habitual Offender").  The request for resentencing was denied with Judge Haltom's Order noting he had reviewed the Sentencing Orders, found the sentences legal and "amend[ed]" "the classification of offenses in 37CR-24-26, and 37CR-24-27" "to reflect Class C Felonies with correct sentences of 7 years ADC plus 3 years SIS."  (ECF No. 10-10).

The petition remained pending for AEDPA tolling purposes during the period that Petitioner could have, but did not, appeal Judge Haltom's denial of postconviction relief.[3]  In Arkansas, a notice of appeal must be filed within thirty days from entry of an order denying a petition for a reduced sentence. Ark. R.

---

[2] *King v. Hobbs,* 666 F.3d 1132, 1135-36 & n.4 (8th Cir. 2012) (habeas statute of limitations began running the day after the deadline for filing a petition for review with the Arkansas Supreme Court); Fed. R. Civ. P. 6(a)(1)(A) (excluding from the time computation the day of the event that triggers the time period).

[3] In *Streu v. Dormire,* 557 F.3d 960, 966 (8th Cir. 2009), the Eighth Circuit reaffirmed the holding in *Williams v. Bruton,* 299 F.3d 981 (8th Cir. 2002), that an application for postconviction relief remains "pending" for AEDPA tolling purposes during the time for appeal, even if the petitioner does not appeal.

App. P. Crim. 2(a)(4).  There is no indication that Petitioner pursued any appeal. [4]  Thus, on June 14, 2024 – in the absence of any appeal by Petitioner – the AEDPA limitations period commenced running and ran continuously until its expiration on June 4, 2025. Thus, absent equitable tolling, Petitioner's § 2254 action filed on November 7, 2025, is time-barred.

The one-year limitation period for filing a § 2254 habeas petition may be equitably tolled if a petitioner demonstrates that: (1) he has been pursuing his rights diligently, but (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida,* 560 U.S. 631, 649 (2010). The Eighth Circuit has made clear that equitable tolling is not warranted based on a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *Johnson v. Hobbs,* 678 F.3d 607, 611 (8th Cir. 2012) ("Typically, a petitioner's pro se status and failure to follow rules for filing state post-conviction petitions do not constitute extraordinary circumstances."); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (holding that a pro se petitioner's misunderstanding of Arkansas rules and statutes do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner[,]" *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The

---

[4] In Arkansas, there is no right to appeal from an unconditional guilty plea, but a criminal defendant may appeal from a conditional plea based on the denial of a suppression motion. *Hewitt v. State*, 362 Ark. 369, 370–71 (2005); Ark. R. App. P. Crim. 1(a) ("Except as provided by [Ark. R. Cr. P. 24.3(b) for conditional guilty pleas,] there shall be no appeal from a plea of guilty or nolo contendere.").  The Arkansas Supreme Court has identified two exceptions: "(1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself; and (2) when the appeal is an appeal of a posttrial motion challenging the validity and legality of the sentence itself." *Hewitt,* 362 Ark. at 371 (citations omitted).  The undersigned views the second recognized exception as possibly permitting Petitioner's appeal under these circumstances; nevertheless, an appeal was not pursued by Rodrigues.

diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland,* 560 U.S. at 653 (cleaned up).

Here, Petitioner neither alleges he has been diligently pursuing his rights nor alleges some extraordinary circumstance precluded his timely filing of the § 2254 Petition. *Gordon v. Arkansas*, 823 F.3d 1188, 1195 (8th Cir. 2016). No known circumstance – extraordinary or otherwise – prevented Petitioner's filing prior to expiration of the limitations period on June 4, 2025. Petitioner's pro se status, lack of knowledge about procedural rules, or "inability to navigate the complexities of legal procedures" is insufficient under *Holland, supra. See Badger v. Payne,* 2025 WL 1140163 (E.D. Arkansas, March 21, 2025).

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." As the undersigned finds no basis for application of equitable tolling and the Petition is plainly filed too late, it is recommended that Rodrigues' § 2254 Petition be dismissed as untimely.

### B.  Procedural Default

Even had his Petition been timely, Petitioner's § 2254 claims are procedurally barred.

In order to preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Procedural default thus occurs when "a state court decline[s] to hear [a claim] because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan,* 566 U.S. 1, 9 (2012). Procedural default also occurs when a petitioner did not present a claim in state court and a remedy there is no longer available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). Said another way, before filing

6

a federal habeas petition, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted." *Moore-El v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006) (citing *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir.1996)).

Turning first to his ineffective assistance claims, Petitioner says his attorney was ineffective because "she knew [Petitioner] was innocent ... [and] instead of trying to defend [him] in any way she lied to [him] about several things and convinced [him] to take a plea bargain." (ECF No. 1, Ground One, p. 5). Petitioner complains his attorney "showed an all around lack of being an attorney." (ECF No. 1, Ground One, p. 6). Petitioner also describes that an individual named Gary Lynn Clark wrote 2 affidavits "admitting to the crime[] [of burglary] we were both accused and charged with" but one affidavit went "missing" at the Sheriff's Office, and the other affidavit was apparently known to Petitioner's counsel but she did not use it – ostensibly because of impeachment risk – to Petitioner's dissatisfaction. *Id.* at 8. Petitioner claims his attorney did not do enough early in the case to get the firearms charge dismissed before it was later nolle prossed.  (ECF No. 1, p. 7).  Other claims include that Petitioner did not review the discovery, that his attorney did not investigate his cases or provide counsel to him during his change of plea hearing, and that his FTAs actually arose because his attorney failed to notify him of court and thus he was not guilty of failing to appear. (ECF No. 1, pp. 8-10).

Petitioner did not, however, raise any ineffective assistance of counsel claims in state court. Under Arkansas law, to exhaust his state court remedies, Petitioner was required to raise his ineffective assistance of trial counsel claim in a timely petition pursuant to Rule 37 of the Arkansas Rules of

Criminal Procedure. *Nelson v. State,* 2014 Ark. 91, 6 (2014) (holding that an ineffective assistance of counsel claim couched in terms of a coerced guilty plea must be pursued in a timely Rule 37 petition). As noted above, Petitioner filed a timely Rule 37 petition; however, ineffective assistance of counsel claims were not expressly included, and those claims are now procedurally defaulted. Even a generous reading of the post-conviction pleading reflects that the only sentence included about Petitioner's counsel is not technically a complaint about her; the pleading says only that "he wanted to go to trial but [he] was told by [his] attorney that if [he] lost [he] could get 172 years [in prison]." (ECF No. 10-9, p. 3). The mere pressure to plead guilty occasioned by the fear of a more severe sentence is not coercion. *See, e.g., Pierce v. State,* 2009 Ark. 606, 2009 WL 4405790 (per curiam). And it is not ineffective assistance of counsel to advise one's client of the potential sentencing downside if convicted at trial; to the contrary, a critical obligation of counsel is to advise the client of "the advantages and disadvantages of a plea agreement." *Padilla v. Kentucky,* 559 U.S. 356, 370 (2010), quoting *Libretti v. United States,* 516 U.S. 29, 50–51 (1995). The post-conviction pleading references missing court on one occasion in September 2023 because he "wasn't notified" but the pleading does not associate this failure with Petitioner's counsel until the later § 2254 Petition. Petitioner's post-conviction pleading does not share the "same core set of operative facts" with his § 2254 allegations. *See LaJason J. Coackley v. Dexter Payne*, 2026 WL 910227 *5 (W. D. Arkansas March 31, 2026) (citations omitted). The undersigned views these claims as defaulted.

Absent a showing of cause and prejudice to excuse the procedural default (or actual innocence), Petitioner's ineffective assistance of counsel claims are barred from federal habeas review. To establish prejudice sufficient to excuse procedural default, Petitioner must show that "the errors of which he complains worked to his actual and substantial disadvantage, infecting his entire trial with error of

constitutional dimensions." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Here, Petitioner must show a reasonable probability that but for the denial of effective counsel, he would not have been convicted of the crimes to which he voluntarily pled guilty. *Ivy v. Caspari,* 173 F.3d 1136, 1141 (8th Cir. 1999) (applying prejudice prong to case involving ineffective assistance of counsel claim and guilty plea); *O'Rourke v. Endell*, 153 F.3d 560, 570 (8th Cir. 1998) (requiring the defendant to show a "reasonable probability" that the outcome "would have been different" to establish actual prejudice). Petitioner has not chinned the bar by illustrating either cause or any prejudice.

For these reasons, Petitioner's failure to raise the ineffective assistance of counsel claims in the state court means they are procedurally defaulted.

Additionally, Petitioner presents no facts suggesting that he was not guilty of the crimes to which he voluntarily pled guilty and he has presented nothing supportive of his claim that his counsel "knew [he] was not guilty" but otherwise misled or "lied to" Petitioner in order to secure his guilty pleas. To the detriment of Petitioner's argument, the record before the Court is inapposite. Judge Haltom's findings in Petitioner's multiple cases reflect that the negotiated guilty pleas were "voluntarily, intelligently and knowingly entered" with the assistance of counsel and these findings are entitled to a presumption of correctness and should not be attacked in a federal habeas case. *Pittman v. Black,* 764 F.2d 545, 546 (8th Cir.), *cert denied,* 474 U.S. 982 (1985). This court's role is merely to determine if the state court's findings have fair support in the record, *Amos v. Minnesota,* 849 F.2d 1070, 1072 (8th Cir.), *cert. denied*, 488 U.S. 861 (1988), and with respect to Petitioner's guilty pleas, the undersigned believes they do.

With respect to any remaining claims, it is well-established that a defendant who enters a guilty plea waives all non-jurisdictional defenses. *Hoes v. Gwin,* 2024 WL 5250581 (W.D. Arkansas, Dec. 5, 2024), citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (guilty pleas in the *Brady* trilogy were found

to foreclose direct inquiry into the merits of claimed antecedent constitutional violations); *Smith v. United States,* 876 F.2d 655, 657 (8th Cir. 1989) ("In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction"), *cert. denied,* 493 U.S. 869 (1989).  As the Supreme Court explained in *Tollett,* 411 U.S. at 267, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to deprivation of constitutional rights that occurred prior to the entry of a guilty plea." Said another way, "[Respondent's] representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).  None of Petitioner's arguments are jurisdictional, and thus, are all waived by Petitioner's voluntary and intelligent guilty pleas. *Becker v. Nebraska*, 435 F.2d 157 (8th Cir.1970), *cert. denied,* 402 U.S. 981 (1971) ("A voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects"). Thus, Petitioner's claims that he did not see the discovery; did not make a timely appearance on nolle prossed charges; or was arrested while out on bond without being given a timely hearing have all been waived.

Petitioner complains about the application of his 301 days jail credits by the Arkansas Department of Corrections. While understandably of concern, this Court lacks jurisdiction to address it.  *See Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) (finding petitioner's claim for jail time credit under a state statute was "a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction").  A federal court lacks jurisdiction to issue a writ of habeas corpus to a person in state custody unless the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Finally, with respect to Petitioner's allegation that his sentence is illegal, Judge Haltom denied post-conviction relief on these grounds and Petitioner did not appeal. Petitioner explains he did not appeal Judge Haltom's denial of Rule 37 post-conviction relief because he "didn't think [he] could appeal the ruling for the Rule 37 since [he] actually pleaded guilty and didn't go to trial." (ECF No. 1, p. 14). Unfortunately for Petitioner, his misunderstanding is of no effect. "Issues not argued on appeal are considered abandoned." *Fink v. State*, 280 Ark. 281 (1983). Federal courts may not address allegations that have been procedurally defaulted in the absence of cause for the default and actual prejudice which the Court does not find here. *See Thomas v. Payne,* 960 F.3d 465, 473 (8th Cir. 2020).

### C.        Innocence

The undersigned makes a final consideration of Petitioner's allegation of innocence.

Actual innocence, if proved, can serve as a gateway through which a petitioner may pass when the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, the United States Supreme Court has made clear that tenable actual-innocence gateway pleas are rare and to open the gate, Petitioner must satisfy a demanding, two-part test: "First, the petitioner's allegations of constitutional error must be supported with new reliable evidence not available at trial." *Amrine v. Bowersox*, 238 F.3d 1023, 1029 (8th Cir. 2001) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). "Second, the petitioner must establish 'that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Amrine*, 238 F.3d at 1029 (quoting *Schlup*, 513 U.S. at 327). In *Schlup v. Delo,* 513 U.S. 298 (1995), the Supreme Court enumerated three categories of evidence that meet the actual-innocence reliability requirement: "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. When assessing the impact of new evidence, a court "must consider all the evidence, old and new, incriminating

and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell,* 547 U.S. 518, 538 (2006) (cleaned up).

Here, Petitioner fails to provide any new evidence to support an actual innocence claim. Accordingly, he cannot invoke the actual-innocence exception for any of his time-barred habeas claims.

## II.  Conclusion

Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa,* 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.' " *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 102-03 (2011)). Otherwise, "[i]t is not the province of a federal habeas court to reexamine state court determinations on questions of state law." *Keller v. Pringle*, 867 F.3d 1072, 1076 (8th Cir. 2017). This standard is difficult to meet and Petitioner has not satisfied it.

For these reasons outlined above, it is recommended that Petitioner's § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) be **DENIED**.

## III.  Certificate of Appealability

The primary basis for recommending dismissal is that Petitioner's habeas action is time-barred, and the undersigned does not believe that reasonable jurists might find adoption of this recommendation debatable or wrong for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2253(c)(2). *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (setting forth the standard for issuing a certificate of appealability when a district court denies a habeas petition on procedural grounds (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). **It is recommended that no certificate of appealability issue.**

The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. §636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

RECOMMENDED this 30th day of April 2026.

_Christy Comstock_
CHRISTY COMSTOCK
U.S. MAGISTRATE JUDGE